IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUSTIN M. WOLFORD, | § | |
| | § | |
| Defendant Below, | § | No. 380, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID Nos. 0908005295, |
| Plaintiff Below, | § | 1108016428 & 1209017309 |
| Appellee. | § | |

Submitted: January 23, 2015
Decided: February 19, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 19th day of February 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Dustin Wolford, filed this appeal from the Superior Court's sentence for his violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wolford's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)    At the time of Wolford's latest VOP hearing, he was on probation for convictions arising from three different cases.  These convictions consisted of: (i) Possession of Child Pornography arising from a January 2013 guilty plea; (ii) Burglary in the Third Degree and Forgery in the Second Degree arising from a December 2011 guilty plea; and (iii) three counts of Burglary in the Third Degree arising from a December 2009 guilty plea.[2]

(3)    Wolford was sentenced on these convictions as follows: (i) for Possession of Child Pornography, three years of Level V incarceration, suspended for one year of Level II probation; (ii) for the 2011 Burglary in the Third Degree conviction, three years of Level V incarceration, with credit for time served, suspended for one year of Level III probation;[3] (iii) for Forgery in the Second Degree, two years of Level V incarceration, suspended for two years of decreasing levels of supervision; (iv) for one 2009 Burglary in the Third Degree conviction, three years of Level V incarceration, with credit for time served, suspended after six months of mandatory time for six months of Level IV Work Release; (v) for one 2009 Burglary in the Third Degree conviction, three years of Level V

_____

[2] Wolford also pled guilty to other charges that were discharged in a later VOP proceeding as unimproved.

[3] Wolford was originally sentenced to Level V Boot Camp followed by Level IV Home confinement upon successful completion of the Boot Camp program, but the sentence was modified for Wolford to enter the Sussex County Mental Health Court program because Wolford was unable to participate in the Boot Camp program.

incarceration, suspended for one year of Level III probation; and (vi) for one 2009 Burglary in the Third Degree conviction, three years of Level V incarceration, suspended for one year of Level III probation. Wolford did not appeal these convictions or sentences.

(4) Since Wolford's 2009 convictions, the Superior Court has found that Wolford violated his probation on multiple occasions. As of July 2013, Wolford was serving the following sentences: (i) for Possession of Child Pornography, three years of Level V incarceration, with credit for time previously served, suspended for six months of Level IV Work Release followed by two years of Level III probation; (ii) for the 2011 Burglary in the Third Degree conviction, two years of Level V incarceration, suspended for one year of Level III probation; (iii) for Forgery in the Second Degree, two years of Level V incarceration, suspended for two years of decreasing levels of supervision; (iv) for one 2009 Burglary in the Third Degree conviction, two years of Level V incarceration, suspended for two years of decreasing levels of supervision; (v) for one 2009 Burglary in the Third Degree conviction, two years of Level V incarceration, suspended for two years of decreasing levels of supervision; and (vi) for one 2009 Burglary in the Third Degree conviction, three years of Level V incarceration, suspended for three years of Level I probation.

3

(5) In March 2014, an administrative warrant charging Wolford with another VOP was filed. The charges included use of alcohol despite a zero tolerance for drugs and alcohol condition, a mother's complaint regarding Wolford's contact with her minor children and his interest in her minor daughter despite a no contact with minors condition, and Wolford's use of Facebook despite a no use of the internet during his probation condition. According to the VOP report, Wolford also violated his probation by possessing a firearm without written approval of his probation officer, which was reflected in a photograph of Wolford with a minor and a firearm. A VOP hearing was held on May 8, 2014, but sentencing was continued until June 27, 2014 so the Superior Court could obtain an updated pre-sentencing report.

(6) On June 27, 2014, the Superior Court sentenced Wolford for his VOP as follows: (i) for Possession of Child Pornography, two mandatory years of Level V incarceration, including completion of the Transitions Sex Offenders Program; (ii) for the 2011 Burglary in the Third Degree conviction, two mandatory years of Level V incarceration; (iii) for Forgery in the Second Degree, two years of Level V incarceration, suspended for two years of decreasing levels of supervision; (iv) for each of the three 2009 Burglary in the Third Degree convictions, two years of Level V incarceration, suspended for one year of Level III probation. This appeal followed.

4

(7)     In his opening brief on appeal, Wolford complains that he did not receive a transcript of the June 27, 2014 sentencing hearing and asserts ineffective assistance of counsel claims.  Wolford's complaints regarding the lack of transcript are moot because he received a transcript at State expense and filed a supplemental opening brief.  As to Wolford's ineffective assistance of counsel claims, this Court will not consider ineffective assistance of counsel claims for the first time on direct appeal.[4]  Accordingly, we affirm the judgment of the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[4] *Barnes v. State*, 2014 WL 60963, at *1 (Del. Jan. 7, 2014); *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).